IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONNIE L. McATEE, Inmate #B36520,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **DONALD N. SNYDER, ROGER E.** ) | |
| **WALKER, JONATHAN R. WALLS,** ) | **CIVIL NO. 04-138-WDS** |
| **EUGENE M. McADORY, WILLIAM** ) | |
| **SPILLER, DR. F. AHMED, PAM** ) | |
| **GRUBMAN, MAVIS GROSS, DOUGLAS** ) | |
| **CRAVENS, ROBERT S. GALES, and E.** ) | |
| **WINE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. Although these counts do not correspond directly to the legal claims as described by Plaintiff, they are based on the Court's determination of the claims that arise out of the facts stated in Plaintiff's complaint. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against defendants Grubman and Ahmed for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.
>
> **COUNT 2:** Against all defendants for violation of the Rehabilitation Act
>
> **COUNT 3:** Against defendants Spiller, Wine, Gales, Walls, McAdory, Gross, Cravens, and Snyder for cruel and unusual conditions of confinement in violation of the Eighth Amendment.
>
> **COUNT 4:** Against all defendants for violation of the Equal Protection clause of the Fourteenth Amendment.
>
> **COUNT 5:** Against all defendants for violation of his due process rights in connection with his long-term confinement in segregation.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims. *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

## COUNT 1

Plaintiff states that Defendants Grubman and Ahmed have been negligent or deliberately

indifferent to his serious medical needs. Plaintiff states that he suffers from "extensive physical and psychological problems" including depression anxiety, panic disorder, migraine headaches, and atrophying of body tissue. Plaintiff further states that Defendants Grubman and Ahmed failed to review Plaintiff's medical and psychological condition before his was placed in a restrictive control cell and after he was released from the control cell, in violation of Illinois administrative rules.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Based on these standards, Plaintiff has not stated a claim of deliberate indifference. Plaintiff has not made sufficient allegations under the subjective requirement outlined above. Plaintiff has not stated how Defendants Grubman and Ahmed were aware of a risk to his health, but ignored it.

In fact, Plaintiff himself states that their conduct was negligent. "Mere negligence or even gross negligence does not constitute deliberate indifference." *See Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Furthermore, Plaintiff states later in the complaint that when he receives psychological or psychiatric counseling he is chained to a bolt in the floor. This statement belies his assertion that he did not receive psychological counseling while in segregation. Ultimately, without allegations indicating that Defendants Grubman and Ahmed were aware of the risks to Plaintiff as a result of his medical condition and then that they deliberately ignored them, Plaintiff has not stated a claim of constitutional dimension. Accordingly, this claim is **DISMISSED** from the action with prejudice. See 28 U.S.C. § 1915A.

#### COUNT 2

Plaintiff states that a serious medical need in that he is suffering from "a mental and physical disability." Plaintiff states that Defendants knew of this condition, but discriminated against him in violation of the Rehabilitation Act in the following ways. Defendants denied him adequate psychological treatment, an alternative to prolonged segregation in the form of a work assignment, an opportunity to participate in vocational, rehabilitative, and educational programs, yard privileges, an opportunity to participate in a religious congregation, telephone privileges, psychotherapy, and art supplies and other personal property that could enrich his quality of life.

The Seventh Circuit has found that the Rehabilitation Act applies to prisons, following the Supreme Court's reasoning in *Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998) (the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., applies to prisons). *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000). Contrary to ADA claims, which must be pursued in state court, an individual plaintiff may pursue claims in federal court under the

Rehabilitation Act.

> As for the Rehabilitation Act, 29 U.S.C. § 794: we agree with *Kilcullen v. New York State Department of Labor,* 205 F.3d 77, 79-80 (2d Cir. 2000), and *Garrett v. University of Alabama,* 193 F.3d 1214, 1218 (11th Cir. 1999), *cert. granted on a different issue*, --- U.S. ----, 120 S.Ct. 1669, 146 L.Ed.2d 479 (2000), that the ADA and the Rehabilitation Act are identical for purposes of § 5.  But the Rehabilitation Act also is a condition on the receipt of federal funds, and legislation under the spending power is not affected by *Kimel [v. Florida Board of Regents,* 528 U.S. 62 (2000)].  *See Oak Park Board of Education v. Kelly E.*, 207 F.3d 931, 935 (7th Cir.2000).  The Rehabilitation Act is no different in this respect from the IDEA, which *Oak Park* held adequate to support litigation against states in federal court. *Accord, Little Rock School District v. Mauney*, 183 F.3d 816, 831-32 (8th Cir. 1999). We therefore agree with the fourth, ninth, and eleventh circuits that the Rehabilitation Act is enforceable in federal court against recipients of federal largess. *Litman v. George Mason University*, 186 F.3d 544, 553 (4th Cir. 1999); *Clark v. California*, 123 F.3d 1267, 1271 (7th Cir. 1997); *Sandoval v. Hagan*, 197 F.3d 484, 493-94 (11th Cir. 1999).

*Stanley*, 213 F.3d at 344.  Therefore, the only remaining threshold question is whether plaintiff is an "individual with a disability" as defined in 29 U.S.C. § 705(20).

> Except as otherwise provided in subparagraph (B), the term "individual with a disability" means any individual who–
> (I) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment; and
> (ii) can benefit in terms of an employment outcome from vocational rehabilitation services provided pursuant to subchapter I, III, or VI of this chapter [29 U.S.C.A. §§ 720 et seq., 771 et seq., or 795 et seq.].

29 U.S.C. § 705(20).

Plaintiff states that he is an individual with a disability of a "physical or mental impairment" and that he has been denied opportunities for rehabilitation in violation of the Rehabilitation Act. However, the claim is flawed in that Plaintiff does not specifically name defendants who deprived him of the programs guaranteed in the Rehabilitation Act.  Plaintiff states generally that "the defendants" deprived him, but nowhere does he name specific defendants responsible for the deprivations.  This failure to identify by name the individuals responsible for the deprivations dooms

Plaintiff's claim. Accordingly, this claim is **DISMISSED** without prejudice to Plaintiff's amending the complaint to identify defendants by name.

### COUNT 3

The greatest part of Plaintiff's complaint centers around the harsh conditions of confinement in disciplinary segregation. Although Plaintiff couches these allegations in terms of violations of due process, the Court finds that they are more appropriately analyzed under the line of cases dealing with cruel and unusual conditions of confinement.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

> [P]risoners who contest the conditions of their confinement under the eighth amendment must establish that their custodians either established the conditions to inflict wanton pain or are deliberately indifferent to whether the conditions have these effects. The eighth amendment is concerned with "punishment", and . . . showing a culpable mental state is essential in establishing that conditions of confinement are part of the "punishment".

*Steading v. Thompson*, 941 F.2d 498, 499-500 (7th Cir. 1991), *citing Wilson v. Seiter*, 111 S.Ct. 2321 (1991).

Plaintiff states that in segregation at Menard he is confined to his cell for 24 hours a day, seven days a week, except for five hours of recreation per week and one 15 minute shower. Plaintiff is never allowed outside the segregation building. When allowed visitors, the conditions are uncomfortable and humiliating. The cell in which he is confined is only 4.5 feet wide by 8 feet long.

It has no window making it impossible to regulate temperature and allow for air circulation. The door to the cell is solid steel and contains a food slot/handcuff port. Plaintiff is allowed a mattress, pillow, pillow case, blanket, two sheets, and only a sparse amount of personal property. Plaintiff is not allowed to leave his cell without being handcuffed and when he receives counseling he is chained to a bolt in the floor. He receives no educational programs, he is allowed no audio visual equipment, he is not allowed to attend religious services, he has no phone privileges, and he is allowed no programmed recreation. Plaintiff states that at the time he was placed in segregation, he requested cleaning supplies, but Defendant Wine denied them. Plaintiff states that he is subjected to "filthy" living conditions in his restrictive control segregation cell. He is forced to sleep on a stained, worn-out mattress that has an overpowering odor. The cell has an inadequate cooling ventilation system. The cell is infested with "toilet and sink bugs" due to lack of proper cleaning. The paint is peeling, the toilet leaks, the bed frame is rusty, and the air in the cell smells of urine, feces, and vomit. Plaintiff states that these conditions pose a serious risk to his health. Plaintiff states that he has repeatedly asked for cleaning supplies, but his requests have been denied.

Plaintiff states that Defendants Spiller, Wine, Gales, Walls, and McAdory were aware of the "deplorable" living conditions, but disregarded the excessive risk to Plaintiff's health and safety. Plaintiff also states that Defendants Gross and Cravens, who denied Plaintiff's grievances, were also aware of the harsh conditions, but did nothing to remedy them.

Based on Plaintiff's allegations and the standards listed above, this claim cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

**COUNT 4**

Plaintiff nominally states that defendants have deprived him of equal protection of the laws

in violation of the Fourteenth Amendment.

Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of a different race. *Id.*

Plaintiff makes no specific allegations that would support an equal protection claim. He does not state that he was treated differently because of his race. Accordingly, this claim is **DISMISSED** from the action with prejudice.

## COUNT 5

Plaintiff states that his due process rights are being violated by his continued and long-term confinement in disciplinary segregation because the conditions there present "atypical and significant hardship." When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Plaintiff vividly describes the harsh conditions in segregation (see Count 3, above), and these allegations might state a claim that he has been deprived a protected liberty interest by his confinement in segregation. However, Plaintiff's due process claim is fatally flawed in that nowhere in the complaint does he allege *how* he was denied due process. Without such allegations Plaintiff has not stated a claim of denial of due process.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some

comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 459 U.S. at 455-56.

Plaintiff may have stated conditions that impose an atypical and significant hardship that would trigger due process protection. But, it is not the significance of the deprivation alone that denies due process. It is a deprivation coupled with inadequate process in imposing the conditions. Plaintiff makes no allegations regarding the process he was given that put him in segregation. He does not state that he received an unfair hearing, that he was not given adequate notice, or that he was not allowed to call witnesses in his defense. Without an allegation of inadequate process in the procedure that led to his prolonged confinement in segregation, Plaintiff has no due process claim.

Plaintiff does state that he was entitled, by state regulation, to physical and mental examinations prior to being confined in segregation, and that he did not receive these. Prior to the

Supreme Court's holding in *Sandin v. Conner*, 515 U.S. 472 (1995)[1], this type of deprivation might have created a liberty interest, but denial of those procedures, unless they do not comport with *Wolff*, is not relevant to the inquiry as to what type of procedure was employed to put Plaintiff in segregation. If a procedure used to put a prisoner in segregation comports with *Wolff*, due process is not violated, regardless of the significance of the deprivation imposed. As such, Plaintiff has not stated a claim. Accordingly, this claim is **DISMISSED** from the action with prejudice.

A final word regarding Plaintiff's allegations of the denial of due process is in order. Plaintiff states that the date upon which he is to be released from disciplinary segregation is later than his projected outdate based on his criminal sentence. This type of claim is not cognizable in a 42 U.S.C. § 1983 action. Claims regarding the fact or duration of an inmate's confinement in state custody must be brought in a petition of habeas corpus pursuant to 28 U.S.C. § 2254. *See Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). Accordingly, this aspect of his due process claim is **DISMISSED without prejudice** to the filing of a petition for habeas corpus based on the allegation.

### **DEFENDANTS**

Plaintiff also lists former Illinois Department of Corrections Director Donald N. Snyder and current Director Roger E. Walker as defendants in the caption of his complaint. However, the statement of claim does not include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir.

---

[1] Prior to *Sandin*, state regulations could create a liberty interest, the deprivation of which might implicate due process. But the Supreme Court rejected this approach in *Sandin*, finding that the *nature of the deprivation* should drive the inquiry whether a liberty interest had been denied. In the prison context, if the deprivation creates an "atypical and significant hardship" in relation to the ordinary incidents of prison life, a liberty interest may be implicated.

1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Accordingly Donald N. Snyder and Roger E. Walker are **DISMISSED** as defendants.

The only claims against Defendants Grubman and Ahmed have been dismissed from the action. Accordingly, Defendants Grubman and Ahmed are also **DISMISSED** as defendants.

### SUMMARY AND CONCLUSION

In summary, Plaintiff is allowed to proceed on Count 3 against Defendants Walls, McAdory, Spiller, Gross, Cravens, Gales, and Wine. All other counts of the complaint are **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALLS, McADORY, SPILLER, GROSS, CRAVENS, GALES, and WINE**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALLS, McADORY, SPILLER, GROSS, CRAVENS, GALES, and WINE** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the

Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: October 21, 2005**

                                              **s/ WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**