IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONNIE L. MCATEE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **04-138-WDS** |
| ) | |
| **DONALD N. SNYDER, et al.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

On February 21, 2006, notice of a hearing set for March 3, 2006, at 9:00 a.m., was mailed to all parties of record. **(Doc. 28).** Defense counsel appeared in Court on March 3, 2006. Defense counsel indicated that it was his understanding that plaintiff was released from prison and completely discharged from the state system, and the Illinois Department of Corrections similarly notified the Court that plaintiff has been released from prison. **(Doc. 22).** There is no record of plaintiff in the Illinois Department of Corrections inmate locator system. Plaintiff has never notified the Court of a change of address as required; his address of record remains Menard Correctional Center.

A Court Security Officer, having been given a general description of plaintiff, combed the courthouse calling plaintiff's name and checking at both public entrances–all to no avail. After waiting 30 minutes, defense counsel orally moved for dismissal pursuant to Fed.R.Civ.P. 41(b), in light of plaintiff's failure to prosecute his case.

It is plaintiff's responsibility to keep the Court informed of his current address and to

attend scheduled hearings or conferences. It has been held that dismissal for want of prosecution may be justified by a plaintiff's failure to appear for a pre-trial hearing. ***Beshear v. Weinzapfel*, 474 F.2d 127 (7th Cir. 1973).** Rule 41(b) of the Federal Rules of Civil Procedure also provides for dismissal when a party fails to comply with an order of the court. ***Package Mach. Co. V. Hayssen Mfg. Co*., 266 F.2d 56 (7th Cir. 1959).** In addition, a federal district court possesses the inherent authority to dismiss an action for want of prosecution which it may exercise on its own motion when necessary to maintain the orderly administration of justice. ***Gonzalez v. Firestone Tire & Rubber Co*., 610 F.2d 241 (5th Cir. 1980).**

In light of plaintiff's failure to appear for the March 3, 2006, hearing, this Court **RECOMMENDS** that plaintiff's case be dismissed, with prejudice, for want of prosecution, pursuant to **Fed.R.Civ.P. 41(b)**, and that judgment be entered accordingly.

**SUBMITTED: March 8, 2006**

 s/ Clifford J. Proud
 **CLIFFORD J. PROUD**
 **U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 25, 2006**.